## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CIVIL ACTION NO. 2:25-CV-001213** |
| | * | |
| | * | **SECTION J** |
| **VERSUS** | * | |
| | * | **JUDGE CARL J. BARBIER** |
| | * | |
| **FIVE PROPERTIES, LLC AND** | * | **DIVISION 4** |
| **APMT, LLC** | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | **KAREN WELLS ROBY** |
| * * * * * * * * * * * * * | | |

## ANSWER

Defendants Five Properties, LLC and APMT, LLC d/b/a/ Tonti Management answer the Amended Complaint [Doc. 4] filed by the United States of America as follows:

1.

Defendants deny the allegations in Paragraph 1 of the Amended Complaint, except to admit that the United States brings this action under the Fair Housing Act on behalf of Dory Turnipseed.

2.

Defendants deny the allegations in Paragraph 2 of the Amended Complaint, except to admit that Turnipseed requested that her dog be permitted to live with her, that Turnipseed was evicted after she violated her lease, and that the United States has alleged that Defendants discriminated against Turnipseed, refused her request for a reasonable accommodation, and retaliated against her in violation of the FHA.

3.

Defendants admit that jurisdiction is proper.

4.

Defendants admit that venue is proper.

5.

Defendants admit the allegations in Paragraph 5 of the Amended Complaint.

6.

Defendants admit the allegations in Paragraph 6 of the Amended Complaint.

7.

Defendants admit the allegations in Paragraph 7 of the Amended Complaint.

8.

Defendants deny the allegations in Paragraph 8 of the Amended Complaint, except to admit that Tonti Management managed Sunlake, APMT LLC is a Louisiana limited liability company with the same domicile and mailing address as Five Properties, Tonti Management is a registered trade name in Louisiana, and Kimberly Mamerto and Sherri Roane were Tonti Management employees.

9.

Defendants deny the allegations in Paragraph 9 of the Amended Complaint.

10.

Defendants deny the allegations in Paragraph 10 of the Amended Complaint for lack of sufficient information to justify a belief therein.

11.

Defendants deny the allegations in Paragraph 11 of the Amended Complaint for lack of sufficient information to justify a belief therein.

12.

Defendants deny the allegations in Paragraph 12 of the Amended Complaint for lack of sufficient information to justify a belief therein.

13.

Defendants deny the allegations in Paragraph 13 of the Amended Complaint.

14.

Defendants deny the allegations in Paragraph 14 of the Amended Complaint for lack of sufficient information to justify a belief therein.

15.

Defendants deny the allegations in Paragraph 15 of the Amended Complaint, except to admit that the June 8, 2018, letter speaks for itself and is the best evidence of its content.

16.

Defendants deny the allegations in Paragraph 16 of the Amended Complaint for lack of sufficient information to justify a belief therein.

17.

Defendants admit the allegations in Paragraph 17 of the Amended Complaint.

18.

Defendants admit the allegations in Paragraph 18 of the Amended Complaint.

19.

Defendants admit the allegations in Paragraph 19 of the Amended Complaint.

20.

Defendants admit the allegations in Paragraph 20 of the Amended Complaint.

21.

Defendants admit the allegations in Paragraph 21 of the Amended Complaint.

22.

Defendants admit the allegations in Paragraph 22 of the Amended Complaint.

23.

Defendants deny the allegations in Paragraph 23 of the Amended Complaint for lack of sufficient information to justify a belief therein.

24.

Defendants admit the allegations in Paragraph 24 of the Amended Complaint.

25.

Defendants deny the allegations in Paragraph 25 of the Amended Complaint for lack of sufficient information to justify a belief therein.

26.

Defendants deny the allegations in Paragraph 26 of the Amended Complaint for lack of sufficient information to justify a belief therein.

27.

Defendants deny the allegations in Paragraph 27 of the Amended Complaint for lack of sufficient information to justify a belief therein.

28.

Defendants deny the allegations in Paragraph 28 of the Amended Complaint for lack of sufficient information to justify a belief therein.

29.

Defendants deny the allegations in Paragraph 29 of the Amended Complaint for lack of sufficient information to justify a belief therein.

30.

Defendants deny the allegations in Paragraph 30 of the Amended Complaint, except to admit that the May 5, 2018, letter speaks for itself and is the best evidence of its content.

31.

Defendants deny the allegations in Paragraph 31 of the Amended Complaint, except to admit that Turnipseed requested that her dog be permitted to live with her.

32.

Defendants admit the allegations in Paragraph 32 of the Amended Complaint.

33.

Defendants deny the allegations in Paragraph 33 of the Amended Complaint, except to admit that Turnipseed emailed documents to Roane, which speak for themselves and are the best evidence of their content.

34.

Defendants deny the allegations in Paragraph 34 of the Amended Complaint, except to admit that Turnipseed emailed Roane on May 10, 2018, and that the email speaks for itself and is the best evidence of its content.

35.

Defendants deny the allegations in Paragraph 35 of the Amended Complaint, except to admit that Roane and another Tonti Management employee spoke with Turnipseed.

36.

Defendants deny the allegations in Paragraph 36 of the Amended Complaint for lack of sufficient information to justify a belief therein.

37.

Defendants deny the allegations in Paragraph 37 of the Amended Complaint, except to admit that Turnipseed emailed Roane on May 14, 2018, and that the email speaks for itself and is the best evidence of its content.

38.

Defendants deny the allegations in Paragraph 38 of the Amended Complaint, except to admit that on May 14, 2018, Tonti Management issued a notice of animal violation to Turnipseed and that the notice speaks for itself and is the best evidence of its content.

39.

Defendants deny the allegations in Paragraph 39 of the Amended Complaint, except to admit that Turnipseed emailed Roane on May 14, 2018, and that the email speaks for itself and is the best evidence of its content.

40.

Defendants deny the allegations in Paragraph 40 of the Amended Complaint, except to admit that Tonti Management's counsel sent Turnipseed a letter dated May 15, 2018, and that the letter speaks for itself and is the best evidence of its content.

41.

Defendants deny the allegations in Paragraph 41 of the Amended Complaint, except to admit that Tonti Management's counsel sent Turnipseed a letter dated May 15, 2018, and that the letter speaks for itself and is the best evidence of its content.

42.

Defendants deny the allegations in Paragraph 42 of the Amended Complaint, except to admit that Turnipseed emailed Tonti Management's counsel on May 15, 2018, and that the email speaks for itself and is the best evidence of its content.

43.

Defendants deny the allegations in Paragraph 43 of the Amended Complaint, except to admit that Turnipseed emailed Tonti Management's counsel on May 15, 2018, and that the email speaks for itself and is the best evidence of its content.

44.

Defendants deny the allegations in Paragraph 44 of the Amended Complaint, except to admit that Tonti Management's counsel emailed Turnipseed on May 16, 2018, and that the email speaks for itself and is the best evidence of its content.

45.

Defendants deny the allegations in Paragraph 45 of the Amended Complaint, except to admit that Turnipseed's counsel emailed Tonti Management's counsel on May 16, 2018, and that the email speaks for itself and is the best evidence of its content.

46.

Defendants deny the allegations in Paragraph 46 of the Amended Complaint, except to admit that Roane emailed Turnipseed on May 18, 2018, and that the email speaks for itself and is the best evidence of its content.

47.

Defendants deny the allegations in Paragraph 47 of the Amended Complaint, except to

admit that Turnipseed emailed Roane on May 18, 2018, and that the email speaks for itself and is the best evidence of its content.

48.

Defendants deny the allegations in Paragraph 48 of the Amended Complaint, except to admit that Roane emailed Turnipseed on May 18, 2018, and that the email speaks for itself and is the best evidence of its content.

49.

Defendants admit the allegations in Paragraph 49 of the Amended Complaint.

50.

Defendants admit the allegations in Paragraph 50 of the Amended Complaint.

51.

Defendants deny the allegations in Paragraph 51 of the Amended Complaint for lack of sufficient information to justify a belief therein.

52.

Defendants deny the allegations in Paragraph 52 of the Amended Complaint for lack of sufficient information to justify a belief therein.

53.

Defendants deny the allegations in Paragraph 53 of the Amended Complaint, except to admit that the June 8, 2018, letter speaks for itself and is the best evidence of its content.

54.

Defendants deny the allegations in Paragraph 54 of the Amended Complaint for lack of sufficient information to justify a belief therein.

55.

Defendants deny the allegations in Paragraph 55 of the Amended Complaint, except to admit that Turnipseed's counsel emailed Tonti Management's counsel on June 11, 2018, and that the email speaks for itself and is the best evidence of its content.

56.

Defendants deny the allegations in Paragraph 56 of the Amended Complaint, except to admit that Turnipseed's counsel and Tonti Management's counsel exchanged emails, and that the emails speak for themselves and are the best evidence of their content.

57.

Defendants deny the allegations in Paragraph 57 of the Amended Complaint, except to admit that Tonti Management's counsel emailed Turnipseed's counsel on June 15, 2018, and that the email speaks for itself and is the best evidence of its content.

58.

Defendants admit the allegations in Paragraph 58 of the Amended Complaint.

59.

Defendants admit the allegations in Paragraph 59 of the Amended Complaint.

60.

Defendants admit the allegations in Paragraph 60 of the Amended Complaint.

61.

Defendants admit the allegations in Paragraph 61 of the Amended Complaint.

62.

Defendants deny the allegations in Paragraph 62 of the Amended Complaint, except to

admit that Tonti Management sent notices to Turnipseed and that the notices speak for themselves and are the best evidence of their content.

63.

Defendants admit the allegations in Paragraph 63 of the Amended Complaint.

64.

Defendants admit the allegations in Paragraph 64 of the Amended Complaint.

65.

Defendants admit the allegations in Paragraph 65 of the Amended Complaint.

66.

Defendants deny the allegations in Paragraph 66 of the Amended Complaint, except to admit that HUD conducted an investigation, prepared a final investigative report, and issued a determination of reasonable cause.

67.

Defendants admit the allegations in Paragraph 67 of the Amended Complaint.

68.

Defendants admit the allegations in Paragraph 68 of the Amended Complaint.

69.

Defendants deny the allegations in Paragraph 69 of the Amended Complaint for lack of sufficient information to justify a belief therein.

70.

In response to Paragraph 70 of the Amended Complaint, Defendants incorporate by reference their answers to Paragraphs 1-69.

71.

Defendants deny the allegations in Paragraph 71 of the Amended Complaint.

72.

Defendants deny the allegations in Paragraph 72 of the Amended Complaint.

73.

Defendants deny the allegations in Paragraph 73 of the Amended Complaint.

74.

To the extent Defendants are required to answer the Prayer for Relief, they deny that Plaintiff is entitled to the relief it seeks.

## **DEFENSES**

Except as expressly admitted herein, Defendants deny all allegations of the Amended Complaint. Defendants assert that Plaintiff's claims are barred, in whole or in part, by the defenses set forth below. By setting forth these defenses, Defendants do not assume the burden of proving any fact, issue, or element where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations. Defendants also reserve the right to plead additional defenses.

### **First Defense**

Plaintiff's claims are barred by res judicata.

### **Second Defense**

Plaintiff's claims are barred by the doctrine of laches.

**Third Defense**

Plaintiff's Complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Fourth Defense**

Plaintiff's claims fail to the extent it cannot prove Turnipseed is handicapped within the meaning of 42 U.S.C. § 3402(h).

**Fifth Defense**

Turnipseed did not provide Defendants with sufficient, reliable information from which they could determine whether she is handicapped within the meaning of 42 U.S.C. §3402(h).

**Sixth Defense**

Defendants did not intentionally discriminate against Turnipseed based on her alleged disability.

**Seventh Defense**

Turnipseed did not provide Defendants with sufficient, reliable information to establish a nexus between her alleged disability and her dog, such that Defendants had knowledge that Turnipseed's dog was required because of her disability.

**Eighth Defense**

Turnipseed did not provide Defendants with information that indicated that she could not equally use and enjoy the apartment at Sunlake without her dog.

**Ninth Defense**

The information Turnipseed provided to Defendants indicated she could equally use and enjoy the apartment at Sunlake without her dog.

### Tenth Defense

Turnipseed failed to engage in the interactive process regarding reasonable accommodation requests in good faith and/or voluntarily disengaged from the process.

### Eleventh Defense

Based on the information Turnipseed provided to Defendants and Turnipseed's actions, Defendants did not know and could not know whether she was handicapped within the meaning of 42 U.S.C. §3402(h).

### Twelfth Defense

The accommodation Turnipseed requested was not necessary to afford her an equal opportunity to use and enjoy the apartment at Sunlake.

### Thirteenth Defense

The accommodation Turnipseed requested was not reasonable.

### Fourteenth Defense

The practice about which Plaintiff complains is neither unlawful nor discriminatory.

### Fifteenth Defense

If they prevail in this matter, Defendants are entitled to recover their fees and costs pursuant to 42 U.S.C. § 3616.

### Sixteenth Defense

Defendants affirmatively plead the defense of offset and are entitled to offset any amounts Turnipseed owes to them against any damages Plaintiff may recover.

### Seventeenth Defense

Plaintiff's damages are barred, or must be reduced, to the extent Turnipseed failed to

mitigate her damages, Plaintiff cannot prove Turnipseed suffered any damages, or Plaintiff cannot prove that Defendants caused Turnipseed to suffer them.

**Eighteenth Defense**

Any action for civil penalties is barred by 28 U.S.C. § 2462.

Respectfully submitted,

ADAMS AND REESE LLP

 */s/ Luke G. LaHaye*
Elizabeth A. Roussel (#27943)
Luke G. LaHaye (#38809)
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Tel: (504) 585-3234
Fax: (504) 566-0210
E-mail:  elizabeth.roussel@arlaw.com
            luke.lahaye@arlaw.com

*Attorney for Defendant Five Properties, LLC and APMT, LLC*
