UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CIVIL ACTION NO. 2:25-CV-001213 |
|---|---|---|
|  | * |  |
|  | * | SECTION J |
| VERSUS | * |  |
|  | * | JUDGE CARL J. BARBIER |
|  | * |  |
| FIVE PROPERTIES, LLC AND | * | DIVISION 4 |
| APMT, LLC | * |  |
|  | * | MAGISTRATE JUDGE |
|  | * | KAREN WELLS ROBY |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## STATEMENT OF UNCONTESTED MATERIAL FACTS
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants Five Properties, LLC and APMT, LLC d/b/a/ Tonti Management (collectively, "Respondents" or "Defendants") respectfully submit the following statement of uncontested material facts in support of their motion for summary judgment:

1. Dory Turnipseed adopted her dog, Sasha, in 2013. Doc. 4 at 4, ¶ 23.

2. On March 30, 2018, Turnipseed applied to live at Sunlake Apartments. *Id.* at ¶ 17.

3. On April 13, 2018, Turnipseed executed a lease with Tonti Management and Five Properties and moved into Sunlake. *Id.* at 4, ¶¶ 18, 22; Lease.

4. On May 9, 2018, Turnipseed requested that her dog be permitted to live with her and claimed that her dog was an emotional support animal ("ESA"). Doc. 4 at 5, ¶ 31.

5. Prior to obtaining approval, Turnipseed brought her dog to live with her in her apartment. *Id.* at 6, ¶ 36.

6. Tonti Management learned that Turnipseed had brought the dog onto the property and issued a notice of her animal violation to Turnipseed, which stated that she was to pay a fee for the lease violation and an additional security deposit or face eviction. *See id.* at 6-7, ¶¶ 38.

7. On May 23, 2018, Turnipseed sued Tonti Management alleging that it violated the FHA. Complaint & Demand for Jury Trial, *Turnipseed v. APMT, LLC*, No. 18-5187 (E.D. La. May 23, 2018), Dkt. No. 1.

8. On July 5, 2018, Tonti Management moved to compel arbitration in the federal lawsuit. Defendant's Motion to Compel Arbitration & Stay, *Turnipseed*, No. 18-5187, Dkt. No. 26.

9. On November 14, 2018, this Court granted Tonti Management's motion, compelled arbitration, and stayed the lawsuit pending the completion of arbitration. *Turnipseed v. APMT, LLC*, No. 18-5187, 2018 WL 5977889, at *3 (E.D. La. Nov. 14, 2018).

10. After Turnipseed failed to submit her claims to arbitration for nearly four years and pursuant to the Court's order permitting an additional thirty days to initiate arbitration, Tonti Management moved to dismiss the lawsuit for lack of prosecution. *Ex Parte* Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) for Failure to Prosecute, *Turnipseed*, No. 18-5187, Dkt. No. 42; *see Turnipseed v. APMT, LLC*, No. 18-5187, 2022 WL 7540213, at *3 (E.D. La. Oct. 13, 2022).

11. The Court granted Tonti Management's motion and dismissed Turnipseed's claims with prejudice. Order, *Turnipseed*, No. 18-5187, Dkt. No. 44.

12. HUD's investigative report reflects that Turnipseed filed a HUD complaint on June 18, 2018. HUD Final Investigative Report at 1.

13. HUD sent Respondents notice of Turnipseed's HUD complaint on June 19, 2018. Doc. 4 at 11, ¶ 65; Acceptance Letter.

14. HUD failed to complete its investigation and to determine based on the facts whether reasonable cause exists to believe that a discriminatory housing practice occurred within 100 days after Turnipseed filed her complaint. *See* Doc. 4 at 11, ¶ 67.

15. HUD failed to timely notify any party in writing of the reasons that it could not complete its investigation in 100 days. *See* 100-Day Letter.

16. On April 15, 2019 (301 days after the complaint was filed), HUD reached out to Respondents' counsel to obtain their response to the complaint. HUD Final Investigative Report at 43.

17. On April 16, 2019, Respondents' counsel quickly re-provided their answer. *Id.*

18. On May 22, 2019 (338 days after the complaint was filed), HUD interviewed Turnipseed. *Id.* at 4.

19. On September 17, 2019, HUD obtained five pleadings from PACER. *See id.* at 52-55.

20. On August 28, 2020 (802 days after the complaint was filed), HUD exchanged a few emails with Turnipseed's and Respondents' counsel. *See id.* at 7, 51-52.

21. Respondents answered data requests from HUD on May 10 and 18, 2021. *See id.* at 47-48.

22. On July 5, 2022 (1478 days after the complaint was filed), HUD interviewed Turnipseed again. *Id.* at 6. *Id.* at 6.

23. On July 12 and 13, 2022, HUD interviewed Dr. Peter "Mike" Mahony, a psychiatrist who previously treated Turnipseed, and Friedman. *Id.*

24. On December 22, 2022, HUD interviewed two Tonti Management employees and Respondents' counsel. *Id.* at 15-17.

25. On January 11, 2023, HUD emailed Turnipseed. *Id.* at 10-11, 25-27.

26. On January 23, 2023, HUD interviewed Margarethe Turnipseed, Turnipseed's mother. *Id.* at 12.

27. On February 2, 2023, HUD sent Respondents another data request. *Id.* at 43, 55.

28. On February 9, 2023, Respondents re-submitted documents to HUD in response. *Id.* at 43.

29. On February 14 and March 13, 2023, Respondents provided HUD with the order dismissing Turnipseed's claims with prejudice, questioned why the investigation was ongoing, and requested that HUD close the investigation as the claims are barred by res judicata. *Id.* at 50-51.

30. On March 13, 2023, HUD sent Respondents a pre-subpoena letter to which they responded on March 23, 2023. *Id.* at 45, 55.

31. On May 19, 2023, HUD emailed Turnipseed again. *Id.* at 11, 28-29.

32. On August 10, 2023, HUD obtained four pleadings from PACER. *See id.* at 56-57.

33. On October 31, 2023 (1953 days after the complaint was filed), HUD sent a notice to Respondents explaining for the first time that it was unable to complete its investigation within 100 days from the filing of the complaint. 100-Day Letter.

34. HUD claimed that "[c]ompletion within 100 days was impracticable because there was a need to conduct further legal analysis of information gathered during the investigation and to finish writing a report of the investigation." *Id.*

35. HUD did not explain why it had not started its investigation until 301 days after the complaint was filed or why it let months and years pass between activity on the investigation. *See id.*

36. HUD did not explain why it had waited 1953 days to notify Respondents that completion of the investigation was impracticable. *See id.*

37. HUD projected that it would complete its investigation by November 30, 2023. *Id.*

38. HUD did not complete its investigation by November 30, 2023. *See* Doc. 4 at 11, ¶ 67.

39. On November 22, 2023, HUD emailed Respondents' counsel regarding their policies. HUD Final Investigative Report at 52.

40. On April 8, 2024, HUD emailed Turnipseed again. *Id.* at 13-14.

41. In response to one of HUD's questions, Turnipseed stated "I don't remember." *Id.*

42. On May 1, 2024, HUD sent interrogatories and document requests to Friedman. *Id.* at 61-64.

43. On August 15, 2024, HUD sent additional interrogatories and document requests to Friedman. *Id.* at 64-69.

44. On October 21 through November 13, 2024, HUD emailed Friedman regarding his letter being backdated. *Id.* at 60-61.

45. On January 15, 2025 (2403 days after the complaint was filed), HUD completed its investigation and issued a charge of discrimination and determination of reasonable cause. Doc. 4 at 11, ¶ 67.

46. The Government filed this suit, on behalf of Turnipseed, alleging that Defendants violated the FHA. *Id.* at 11-12, ¶¶ 71-74.

47. Turnipseed initially spoke to Joan DelGiorno, Tonti Management employee, regarding her application and her dog. Tonti Decl.

48. Delgiorno is no longer a Tonti Management employee, and after her departure, she moved to another state and underwent treatment for throat cancer, which involved removing her voice box. *Id.*

49. Tonti Management has not had contact with Delgiorno for many years. *Id.*

Respectfully submitted,

ADAMS AND REESE LLP

 */s/ Luke G. LaHaye*
Elizabeth A. Roussel (#27943)
Luke G. LaHaye (#38809)
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Tel: (504) 585-3234
Fax: (504) 566-0210
E-mail: elizabeth.roussel@arlaw.com
         luke.lahaye@arlaw.com

*Attorney for Defendant Five Properties, LLC and APMT, LLC*