UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 25-1213 |
| FIVE PROPERTIES, LLC ET AL. | SECTION: "J"(4) |

## ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 14)** filed by Defendants Five Properties, LLC and APMT, LLC d/b/a Tonti Management (collectively "Defendants"). Plaintiff United States of America ("the Government") opposes the motion. (Rec. Doc. 23) and Defendants filed a reply. (Rec. Doc. 24). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL HISTORY

This suit arises out of a lease executed between Dory Turnipseed and Defendants. (Rec. Doc. 23-1, at 1–4). In May 2018, Turnipseed, a tenant of an apartment owned by Five Properties, LLC and managed by Tonti Management, filed a lawsuit in this Court against Defendant Tonti Management. (Rec. Doc. 23-4). Turnipseed alleged, among other things, that Tonti Management violated the Fair Housing Act ("FHA") because they refused to accommodate her mental disability and allow her to live in the apartment with her emotional support dog. *Id.* at 2–9. One month later, Turnipseed also filed a United States Department of Housing and Urban Development ("HUD") complaint. (Rec. Doc. 23-1, at 8).

1

In July 2018, Tonti Management moved to compel arbitration of the federal suit. *Id.* at 6. This Court granted the motion and stayed the lawsuit pending arbitration. *Id.* After nearly four years and a court order permitting an additional thirty days to initiate arbitration, Turnipseed failed to initiate arbitration. *Id.* Tonti Management subsequently moved to dismiss Turnipseed's lawsuit for lack of prosecution. *Id.* This Court granted the motion in December 2022 and dismissed Turnipseed's suit with prejudice. *Id.* at 7.

In January 2025, roughly six and a half years after Turnipseed filed her HUD complaint, HUD completed its investigation and issued a charge of discrimination and determination of reasonable cause. *Id.* at 19. The Government then filed this suit, on behalf of Turnipseed, alleging that Defendants violated the FHA. *Id.* at 20.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or

unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## PARTIES' ARGUMENTS AND DISCUSSION

### I. Res Judicata

Defendants argue that *res judicata* prevents the Government from bringing its action because Turnipseed's original suit against them was dismissed with prejudice. (Rec. Doc. 14-1, at 9). *Res judicata* applies when (1) the parties are identical or in privity (2) a court of competent jurisdiction rendered the judgment in the prior action (3) a final judgment on the merits concluded the prior action and (4) both actions involved the same claims or cause of action. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

The parties disagree over the first requirement, namely, whether the Government is in privity with Turnipseed. Defendants argue that the Government is in privity with Turnipseed because Turnipseed adequately represented the Government's interest in her prior suit, and "[t]he Government has only asserted claims on behalf of Turnipseed. Nothing more." (Rec. Doc. 14-1, at 10–11).

The Government argues that it has an independent interest in enforcing the FHA and seeks broader remedies than the original suit, namely, to protect the public interest by deterring future FHA violations. (Rec. Doc. 23, at 5–6). Thus, the Government contends that Turnipseed did not adequately represent the Government's interest in her original suit. *Id.*

This Court agrees with the Government. "The United States has an interest in enforcing federal law that is independent of any claims of private citizens." *United States v. East Baton Rouge Par. Sch. Bd.,* 594 F. 2d 56, 58 (5th Cir. 1979). Further,

4

contrary to Defendants' contention, the Government seeks relief beyond what Turnipseed sought in her original suit. (Compare Rec. Doc. 23-4, at 13, with Rec. Doc. 4, at 12–13).

In Turnipseed's complaint, she sought relief against Tonti Management which

a. Declares the discriminatory housing practices of Defendant, as set forth above, violate the FHA (the original source reads "FHAA") . . .
b. Grants Plaintiff the accommodation she has required . . .
c. Enjoins Defendant from discriminating against any person based upon handicap by refusing to make a reasonable accommodation . . .
d. Enjoins Defendant from evicting, or threatening to evict, Plaintiff on account of her reasonable accommodation request for an emotional support animal;
e. Awards Plaintiff compensatory and punitive damages as would fully compensate her for the discriminatory conduct of Defendant;
f. Awards Plaintiff her attorney's fees and costs incurred in bringing this action to enforce the FHA (the original source reads "FHAA"), and
g. Grants any other such relief as this Court deems just and equitable. (Rec. Doc. 23-4, at 13).

In the Government's amended complaint, it seeks relief against Defendants which

a. Declares that Defendants' actions, as alleged, violate the FHA;
b. **Orders the Defendants to take all affirmative steps to ensure their compliance with the FHA, including steps necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate to the extent practicable the effects of their unlawful housing practices as described herein**;
c. **Orders the Defendants to take all affirmative steps to restore, as nearly as practicable, the victims of the Defendants' unlawful practices to the position they would have been in but for the Defendants' discriminatory conduct**;
d. Awards monetary damages to Ms. Turnipseed as authorized by 42 U.S.C. §§ 3612(o) and 3613(c)(1); and
e. Awards such additional relief as the interests of justice may require. (Rec. Doc. 4, at 12–13) (emphasis added).

5

By seeking that Defendants take affirmative steps to ensure FHA compliance and affirmative steps to restore the victims of Defendants' allegedly unlawful practices, the Government seeks to vindicate public interests beyond what Turnipseed sought in her original suit. The Government's independent and broader interest preclude this Court from finding privity between it and Turnipseed. "The United States will not be barred from independent litigation by the failure of a private plaintiff." *East Baton Rouge Par. Sch. Bd.*, 594 F. 2d 56, at 58. Accordingly, this Court will not dismiss the Government's claims for these affirmative steps.

Further, this Court will not prevent the Government from pursuing victim-specific relief on behalf of Turnipseed because such a pursuit also serves the public interest. As the Supreme Court has explained, a federal "agency may be seeking to vindicate a public interest, not simply provide make-whole relief . . . even when it pursues entirely victim-specific relief." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 296 (2002). By seeking damages on behalf of Turnipseed, the Government may be seeking to deter Defendants from committing future FHA violations. Therefore, this Court will not dismiss the Government's claims to recover on Turnipseed's behalf based on *res judicata*.

## II. Doctrine of Laches

Defendants also argue that this Court should dismiss this action under the doctrine of laches. "[A] district court enjoys considerable discretion in deciding whether to apply the doctrine of laches to claims pending before it." *Nat'l Ass'n of Gov't Emps. v. City of Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 707 (5th Cir.

1994). However, the Fifth Circuit law is clear that "laches may not be asserted as a defense against the United States when it is acting in its sovereign capacity to enforce public rights or protect the public interest." *United States v. Popovich*, 820 F. 2d 134, 136 (5th Cir. 1987).  As discussed, the Government brings this action to protect the public interest. Consequently, this Court will not apply the doctrine of laches to bar the Government's suit.

## CONCLUSION

Accordingly,

IT IS **HEREBY ORDERED** that Defendants' *Motion for Summary Judgment* **(Rec. Doc. 14)** is **DENIED**.

New Orleans, Louisiana, this 5th day of November, 2025.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE