**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO:  25-1213** |
| **FIVE PROPERTIES, LLC ET AL** | **SECTION: "J" (4)** |

## <u>ORDER</u>

Before the Court is Intervenor Dory Turnipseed's **Motion to Intervene (R. Doc. 18)**, seeking leave to intervene as a matter of right pursuant to 42 U.S.C. § 3614(e) of the Federal Fair Housing Act, Rule 24 of the Federal Rules of Civil Procedure, and Local Rule 7.6.

### I.    <u>Background</u>

The United States of America ("United States") brings this action under 42 U.S.C. § 3612(o) on behalf of Dory Turnipseed, an individual with mental disabilities, to enforce the Fair Housing Act, Title VIII of the Civil Rights Act, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619. R. Doc. 4 at 1. The complaint alleges that Turnipseed suffers from generalized anxiety disorder ("GAD") and attention-deficit/hyperactivity disorder ("ADHD") and requested a reasonable accommodation to live with her Emotional Support Animal ("ESA") in her apartment complex, which is owned by Defendant Five Properties, LLC ("Five Properties") and managed by Defendant APMT, LLC d/b/a Tonti Management. *Id.* The United States claims that Defendants denied her request and evicted her from her unit. *Id.* The United States claims that Defendants discriminated against a person with disabilities, refused to make a reasonable accommodation necessary to provide an equal opportunity to use and enjoy a dwelling, and retaliated for exercising rights protected by the Fair Housing Act. *Id.*

On or around April 13, 2018, Turnipseed signed a lease to become a resident at Sunlake Apartments in Kenner, Louisiana, which is owned by Defendant Five Properties and managed by Tonti Management. R. Doc. 4 at 4. The complaint alleges Turnipseed signed an Animal Disclosure and Lease Addendum stating that "an animal is permitted [on the premises at] Lessor's sole discretion and only after mutual written agreement… [and provided that if the tenant] house an animal and fail to obtain prior written permission, the tenant will pay twice the applicable non-refundable animal fee and an additional security deposit." *Id.*

After moving in, the United States claims Turnipseed sent a request to Tonti Management for permission to allow her ESA to live with her following a period of physical and mental health decline. *Id.* The complaint contends that Turnipseed submitted supporting documentation including a social worker's letter, her dog's training and vaccination records, and her psychiatric records reflecting her ADHD and GAD diagnosis. *Id.* at 6. Due to a "major anxiety attack" and a fear of becoming a danger to herself, the United States claims Turnipseed moved her ESA into the apartment while the request was still pending. *Id.* The United States contends that Tonti Management then fined her for having an unproved animal in the apartment and subsequently denied her request based on the information she submitted. *Id.* at 7.

The United States contends that Tonti Management and Five Properties also filed for her eviction for breaching her lease.  R. Doc. 4 at 9-10. Even though Turnipseed's treating physician was able to provide additional documentation explaining her diagnoses and the need for her ESA, the United States contends that Defendants still moved forward with the eviction, and Turnipseed vacated her apartment. *Id.*

### A. Turnipseed's 2018 Federal Lawsuit

In 2018, Turnipseed filed a federal lawsuit against Tonti Management for its failure to provide reasonable accommodations for her mental disabilities in violation of the Fair Housing Act. R. Doc. 4 at 9; *See Turnipseed v. APMT, LLC*, No. 18-5187. The complaint contends the lawsuit was eventually dismissed because Turnipseed did not initiate arbitration pursuant to the lease's arbitration addendum. *Id.* at 11.

### B. HUD investigation and 2025 Federal Lawsuit

In addition to her federal lawsuit, the United States claims that Turnipseed filed a complaint of discrimination with the Department of Human and Urban Development ("HUD") on or around June 18, 2018. R. Doc. 4 at 11. On January 15, 2025, the Secretary of the HUD issued a Determination of Reasonable Cause and Charge of Discrimination against Defendants. *Id.* On January 28, 2025, the United States claim Defendants timely elected to have the claims asserted in the Charge of Discrimination to be resolved in civil action under 42 U.S.C. § 3612(a). *Id.* The United States subsequently filed suit in this Court.

### C. Motion to Intervene

Dory Turnipseed now moves to intervene in the 2025 federal lawsuit as a matter of right pursuant to Rule 24 of the Federal Rules of the Civil Procedure, the Fair Housing Act, 42 U.S.C. § 3614(e), and Local Rule 7.6. R. Doc. 18 at 1. Turnipseed first notes Rule 24(a) provides that "anyone shall be permitted in an action when a statute of the United States confers an unconditional right to intervene." *Id.* Turnipseed claims that she is an aggrieved person under the Fair Housing Act, which is defined as any person who claims to have been injured by a discriminatory housing practice. *Id.* at 2; citing 42 U.S.C. § 3602(i)(1). Turnipseed contends that the Fair Housing Act permits any aggrieved person to intervene in any civil action alleging discriminatory housing

practices brought by the Attorney General. Therefore, Turnipseed maintains the statute affords her an unconditional right to intervene. *Id.*; 42 U.S.C. §3614(e).

Turnipseed additionally states her request to intervene is timely because a scheduling conference has not been conducted and discovery has not begun. R. Doc. 18-1 at 2. *Id.* Turnipseed further claims that she will be prejudiced if not allowed to intervene in this matter because she will be affected by the remedy that results. *Id.* at 3.

Defendants Five Properties and Tonti Management oppose the motion. R. Doc. 22. They assert that Turnipseed filed a federal lawsuit in 2018 alleging the same violations of the Fair Housing Act that are at issue in the 2025 lawsuit. *Id.* at 1. Defendants also note the 2018 lawsuit was dismissed with prejudice for failure to prosecute. *Id.* at 2. Therefore, Defendants argue that the motion to intervene should be denied as futile because the claims are barred by res judicata. *Id.*

In her reply, Turnipseed argues that intervention under Rule 24(a)(1) is "absolute and unconditional." R. Doc. 25 at 1. Turnipseed also contends that Defendants provide no authority for the proposition that a disabled individual may be denied intervention because a prior civil case was dismissed when she could not afford to participate in arbitration. *Id.* Turnipseed further claims that res judicata does not apply because 1) the parties are not identical and 2) the claims brought by the United States are not the same as the claims brought in the prior action. *Id.* at 2-4.

## II.    <u>Standard of Review</u>

Federal Rule of Civil Procedure 24(a) governs intervention by right, and allows a non-party the ability to intervene where the motion is timely filed and the movant "is given an unconditional right to intervene by a federal statute; or claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical

matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a).

Where no unconditional right to intervene is granted by a federal statute, Fifth Circuit jurisprudence provides that the following four factors apply to the Court's analysis of whether the movant may intervene under Rule 24(a): (1) timeliness, (2) an interest in the subject matter of the litigation, (3) impairment of the applicant's interest if it is not allowed to intervene, and (4) inadequate representation of that interest by existing parties. *See Zar v. Standard Fire Insurance Company*, No. 07-5087, 2009 WL 10680006, at *1 (E.D. La. Jun. 4, 2009) (Roby, M.J.). The movant must establish all four of these factors. *See Henry's Marine Service, Inc. v. Fireman's Fund Ins. Co. et al*, No. 02-3682, 2004 WL 1857646, at *3 (E.D. La. Aug. 17, 2004) (Vance, J.) (citing *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996)). However, Fifth Circuit jurisprudence provides that this analysis is flexible and that "[f]ederal courts should allow intervention where no one would be hurt, and greater justice could be attained." *Henry's Marine Service, Inc*, No. 02-3682 at *3 (*quoting Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

Fifth Circuit jurisprudence also provides additional factors for the court's analysis of timeliness and the movant's interest in the subject matter of the litigation. *Cavalier v. Louisiana Department of Public Safety & Corrections*, No. 21-656, 2024 WL 3541513, at *2 (M.D. La. Mar. 21, 2024) (Bourgeois, M.J.). Fifth Circuit jurisprudence instructs the court to consider the following factors: "(1) length of time that the party knew or should have known of its interests; (2) prejudice to existing parties; (3) prejudice to the intervening party if intervention is denied; and (4) the presence of unusual circumstances." *Cavalier*, 2024 WL 3541513, at *2 (citing *Lelsz v. Kavanagh*, 710 F.2d 1040, 1043 (5th Cir. 1983)).

### III.  <u>Analysis</u>

The United States of America ("United States") filed this action on behalf of Dory Turnipseed to enforce the Fair Housing Act.  R. Doc. 4 at 4. The United States claims that Defendants violated the Fair Housing Act when they refused to make a reasonable accommodation for Turnipseed to live with her Emotional Support Animal ("ESA") and thus denying her an equal opportunity to use and enjoy a dwelling. *See* 42 U.S.C. §§ 3604(f)(1)-(3) and 3617. *Id.* at 2.

Dory Turnipseed now moves to intervene as matter of right pursuant to Rule 24 of the Federal Rules of the Civil Procedure, the Fair Housing Act, 42 U.S.C. § 3614(e), and Local Rule 7.6. R. Doc. 18 at 1. Turnipseed contends that the Fair Housing Act permits any aggrieved person to intervene in any civil action alleging discriminatory housing practices brought by the Attorney General. *Id.*; 42 U.S.C. §3614(e). *Id.* Turnipseed also argues that invention under Rule 24(a) is "absolute and unconditional." R. Doc. 25 at 1. Turnipseed further contends that her request to intervene is timely because the case is still in the early stages of litigation. R. Doc. 18 at 2.

Defendants Five Properties and Tonti Management oppose the motion. R. Doc. 22. They assert that Turnipseed filed a federal lawsuit in 2018 alleging the same violations of the Fair Housing that are at issue in the 2025 lawsuit. *Id.* at 1. Defendants claim the 2018 lawsuit was dismissed with prejudice for failure to prosecute. *Id.* at 2. Defendants maintain, because Turnipseed seeks to intervene asserting the same claims that have already been dismissed, the motion is futile and should be denied under the doctrine of res judicata. *Id.*

In her reply, Turnipseed argues that res judicata does not apply because 1) the parties are not identical and 2) the claims brought by the United States are not the same as the claims brought by her in the prior action. R. Doc. 25 at 2-4.

Generally, once a civil action has been filed pursuant to 42 U.S.C. §3612(o) by the Attorney General of the United States of America, "any aggrieved person with respect to the issues to be determined in a civil action may intervene as of right in that civil action." The Fair Housing Act defines an "aggrieved person" as "any person who (1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." *Id.* § 3602.

Federal Rule of Civil Procedure 24(a) also provides that "upon timely application anyone shall be permitted to intervene in an action…when a statute of the United States confers an unconditional right to intervene…." Fed. R. Civ. P. 24(a). However, the purpose intervention is to assert a claim or defense. Fed. R. Civ. P. 24(c). Under Fifth Circuit precedent, the court "must determine whether the intervenor's complaint states a cause of action before [it] turns to a consideration of the factors listed in Rule 24(a) and (b) governing whether intervention is appropriate." *Pin v. Texaco, Inc.*, 793 F.2d 1448, 1450 (5th Cir. 1986). The doctrine of res judicata bars parties from relitigating claims that were or could have been litigated in a prior action between the parties. *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In other words, the intervenor would fail to state a claim upon which relief can be granted if the claims are barred by the doctrine of res judicata. *See id.*; *Saavedra v. Murphy Oil U.S.A., Inc.*, 930 F.2d 1104, 1109 (5th Cir. 1991) ("[A] proper basis for denying leave to intervene may be a finding that the proposed intervention would fail to state a claim."); *King v. Flowers Foods, Inc.*, No. 21-579, 2023 WL 2731041, at *2 (M.D. La. Mar. 30, 2023) ("If the intervening party's legal claim fails on the merits under clearly-established law or a prior decision in the case, the motion to intervene can be dismissed as futile."). As such, res judicata may preclude an intervention under Rule 24.

Under ordinary circumstances, the Court here would find that Dory Turnipseed had a statutory right to intervene. First, this lawsuit was commenced on behalf of the government under 42 U.S.C. §§ 3612(o)(1) as an enforcement action against Defendants for violating the Fair Housing Act. The Court also finds that Turnipseed qualifies as "an aggrieved person" within the meaning of the Fair Housing Act because she is the subject of the alleged discriminatory practices in the lawsuit.

However, the Court notes that a right to intervene is not absolute and has necessary boundaries. This case poses a unique circumstance because Turnipseed chose to pursue her own Fair Housing Act claims in a federal lawsuit that back in 2018. *See Turnipseed v. APMT, LLC*, No. 18-5187, (E.D. La. 2018). Both parties acknowledge that the lawsuit was eventually dismissed with prejudice because Turnipseed refused to submit to arbitration. Therefore, the doctrine of res judicata might have a preclusive effect on Turnipseed intervening in the present case if all of the res judicata factors are met.

### A. Res Judicata

Turning now to the doctrine of res judicata, the decision sought to be given a preclusive effect was rendered by the federal court here in the Eastern District of Louisiana. *See Turnipseed v. APMT, LLC*, No. 18-5187, (E.D. La. 2018). As such, federal preclusion law applies. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508, 121 S. Ct. 1021, 149 L Ed. 2d 32 (2001); *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 n. 8 (5th Cir. 2013).

The Fifth Circuit states the effect of res judicata applies when "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction, (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *BVS Constr. V. Prosperity Bank*, 18 F.4th 169, 173

(5th Cir. 2021) (quoting *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004). The party raising the issue of res judicata bears the burden of proof. *See Taylor v. Sturgell*, 533 U.S. 880, 907, 127 S. Ct. 2161, 171 L. Ed. 2d 155 (2008) (citing 18 Wright & Miller § 4405, at 83).

### i.    Identical Parties or in Privity

Turnipseed claims that the parties are not identical because her 2018 lawsuit was only against Tonti Management and did not include Five Properties. R. Doc. 25 at 2. Turnipseed additionally claims that the United States was not a party, and that the federal government is not bound by private litigation it seeks to enforce a federal statute that implicates both public and private interests. *Id.*; *see Doe v. Tonti Mgmt. Co., LLC*, No. 20-2466, 2022 WL 16529537, at *4 (E.D. La. Oct. 28, 2022).

Defendants concede that Five Properties was not named in the prior lawsuit, but they claim that Five Properties can still assert res judicata because it is in privity with Tonti Management. R. Doc. 22 at 5. Defendants argue that Five Properties' interests were adequately represented by Tonti Management party in the prior action. *Id.* Defendants also point out that Five Properties owns Sunlake and contracts with Tonti Management to manage and operate the complex. *Id.* As owner and principle, Defendants claim Five Properties would be vicariously liable for any discriminatory acts of its agent, Tonti Management, and claim that the Fifth Circuit has found privity where the parties have a vicarious relationship. *See Meyer v. Holler*, 537 U.S. 280, 285 (2003); *Russell v. Sunamerica Securities, Inc.*, 962 F.2d 1169, 1179 (5th Cir. 1992).

"A defendant who was not a party to the earlier action can assert res judicata so long as he is in 'privity' with the named defendant. The question of whether privity exists is a factual inquiry…." *Fuji Photo Film Co., Inc. v. Shinohara Shohi Kabushiki* Kaisha, 754 F.2d 591, 599

(5th Cir. 1985). The Fifth Circuit has recognized privity will be found in three narrow circumstances: "(1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party's interest to the original suit." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1267 (5th Cir. 1990). Strict identity of the parties is not necessary for res judicata to apply. *See id.* The Fifth Circuit has recognized that a vicarious relationship may constitute sufficient privity to merit application of claim preclusion in some circumstances. *See Russell v. Sunamerica Securities, Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992). However, these decisions have been limited to cases where there is a pre-existing substantive legal relationship between the person to be bound and the party to the judgment, such as an employer-employee relationship or most recently, a derivative relationship. *Russell*, 962 F.2d at 1176; *see also Sacks v. Tex Southern Univ.*, 83 F.4th 340, 346 (5th Cir. 2023). The Fifth Circuit still has declined to make any "broad pronouncement" as to the "outer reaches" of privity and limits the inquiry on a case by-case basis. *See id.*

Here, there is no dispute that Tonti Management is an identical party in both lawsuits. Additionally, the fact that the United States is now a party holds no weight in a res judicata analysis. Res Judicata does not require that parties on the same side of the litigation be identical, but only against whom the defense of res judicata is revoked. *See Kennedy v. Pfizer, Inc.*, No. 13-3132, 2014 WL 4092479, at *3 (W.D. La. Aug. 13, 2014); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc,* 971 F.2d 244, 249 (9th Cir. 1992) ("The naming of additional parties do not eliminate the res judicata effect of a prior judgment 'so long as the judgment was rendered on the merits, the cause of action was the same and the party against whom the doctrine is asserted was a party to the former litigation."). The Court therefore turns to whether

Five Properties was in privity with Tonti Management in order to establish whether the first element is satisfied.

Here, the Defendants have provided neither factual allegations nor argument concerning which of these three circumstances puts them in privity. Tonti Management is not a successor in interest to the Sunlake Apartments, as it only operates in a managerial role and has no ownership stake in the property. Second, there is no evidence that Five Properties had any control over the prior litigation.

Regarding the third circumstance, the Court is unconvinced that Five Properties' interests were adequately represented by Tonti Management in the original suit. The Court acknowledges that a relationship exists between Five Properties and Tonti Management. Tonti Management manages that Sunlake Apartments while Five Properties is the owner of the complex. However, a mere business relationship between the parties is not enough to establish that they were "in privity" for purposes of res judicata. The parties must be "so closely aligned" to show more than "that the non-party may be interested in the same questions or proving the same facts." *Eubanks v. Federal Deposit Ins. Co.*, 977 F.2d 166, 170 (5th Cir. 1992); *see also Taylor v. Sturgell*, 553 U.S. 880, 900, 128 S. Ct. 2161, 2176, 171 L. Ed. 2d 155 (2008). Defendants do not show that they agreed to be bound by a pre-existing legal relationship that would indemnify each other in the event of litigation or otherwise prove that they have closely aligned interests that would establish a vicarious relationship. Therefore, the Court finds that this factor weights against a finding of privity.

### ii.    Court of competent jurisdiction

Second, there is no dispute that the judgment in the prior action was rendered by a court of competent jurisdiction, which in this case was the Eastern District of Louisiana. "It is familiar law that a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz,*

536 U.S. 622, 628, 122 S. Ct. 2450, 153 L. Ed. 2d 586 (2002). Therefore, the Court finds this element is also satisfied.

### iii.    Final Judgment on the merits

Third, there is no dispute that the prior action concluded with a final judgment on the merits. In the prior action, the District Court ordered Turnipseed to submit her claims to arbitration and stayed the lawsuit pending the completion of arbitration on November 18, 2018. *See Turnipseed v. APMT, LLC*, No. 18-5187, (E.D. La. 2018); R. Doc. 34. However, Turnipseed did not submit her claims to arbitration for nearly three years, and Tonti Management filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *Id.*; R. Doc. 35. On October 13, 2022, the District Court denied the motion because "the record contained insufficient evidence of Plaintiff's contumacious conduct warranting dismissal with prejudice." *Id.*; R. Doc. 41.

The Court gave Turnipseed thirty days to initiate arbitration proceedings in which she did not do so. *Id.* Tonti Management then filed another Motion to Dismiss pursuant to Fed. R. Civ. 41(b) noting that Turnipseed did not apply with the Court's prior order. *Id.*; R. Doc. 42. Turnipseed explains in the Motion to Intervene that she could not afford to participate in arbitration. However, Turnipseed never filed an opposition in the 2018 lawsuit, and the renewed Motion to Dismiss was granted. The action was dismissed with prejudice for failing to file a timely demand nor pay fees for arbitration. *Id.*; R. Doc. 44.

A dismissal of an action for failure to prosecute or comply with any order of the Court under Fed. R. Civ. P. 41(b) is a final and complete adjudication on the merits, unless the order states otherwise. *Jones v. Caddo Parish Sch. Bd.*, 704 F.2d 206 (5th Cir. 1983) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under 41(b) and any dismissal not provided for in the rule, other than a dismissal for lack of jurisdiction, for improper venue, or for

failure to join a party under Fed. R. Civ. P. 19, operates as an adjudication upon the merits.")
*Edwards v. City of Houston*, 78 F.3d 983, 994 (5th Cir. 1996); *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998). The Court notes Turnipseed was given reprieve to submit her claims to arbitration in 2018 but refused to do so in over three years since the lawsuit was filed. Turnipseed failed to comply with the Court's Order to initiate arbitration, nor did she file an opposition with the Court noting her financial situation. Instead, Turnipseed failed to diligently pursue her claims which ultimately resulted in a dismissal with prejudice. Because the dismissal was pursuant to Fed. R. Civ. P. 41(b) and with prejudice, the judgment is considered an adjudication on the merits. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993) (holding that a dismissal with prejudice is an adjudication on the merits for purposes of red judicata). However, because Five Properties was not a party to the 2018 lawsuit and is not in privity with Tonti Management, the Court finds this element is not satisfied.

### iv.    Same Claim or Cause of Action

The parties dispute the last element that Turnipseed essentially seeks to assert the same claims she raised in her 2018 lawsuit. Turnipseed claims that the United States seeks broader relief to protect the public interest, including the imposition to prevent recurrence of Defendants' illegal discriminatory conduct, which is distinct from the claims she raised in the prior action. R. Doc. 25 at 4.

Defendants argue that Turnipseed's prior suit and her proposed intervention claims are based on the same nucleus of operative facts. R. Doc. 22 at 7. In both lawsuits, Defendants contend the complaints allege Defendants violated the Fair housing Act by refusing to accommodate her to live with her ESA in violation of the Fair Housing Act. *Id.* Defendants therefore claim the Court should find that the same claims and causes of action are involved. *Id.*

As for the fourth element, the Fifth Circuit has adopted a transactional test for determining whether the two cases involve the same claim or cause of action. *Test Masters*, 428 F.3d at 571. "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.* In other words, "the critical issue is whether the two actions were based on the same nucleus of operative facts." *Eubanks v. F.D.I.C.*, 977 F.2d 166, 171 (5th Cir. 1992).

In the proposed-intervenor complaint, Turnipseed attempts to assert the same claims only to the extent she seeks 1) a declaratory judgment that Defendants' actions violated the FHA; 2) compensatory and punitive damages, and 3) attorney's fees and costs. *See* R. Doc. 29 at 5.  The 2025 Complaint and proposed pleading asserts relief that 1) orders the Defendants to take all affirmative steps to ensure their compliance with the Fair Housing Act and prevent recurrence of discriminatory conduct, and 2) orders the Defendants to take all affirmative steps to restore the *victims* to the position they would not have been in but for Defendants' discriminatory conduct. R. Doc. 18-2 at 12. Therefore, the Court finds that the present litigation seeks relief on behalf of *all* victims who may have been denied a reasonable accommodation at the apartment complex to live with an emotional support animal. In other words, the present suit seeks to vindicate public interests beyond what Turnipseed sought in her original suit and thus does not arise from the same nucleus of operative facts. For these reasons, the fourth element is not satisfied, and Defendants have therefore failed to establish the Intervenor Dory Turnipseed's claims are barred by res judicata.

**IV.**    <u>**Conclusion**</u>

Accordingly,

**IT IS ORDERED** that Intervenor Dory Turnipseed's **Motion to Intervene (R. Doc. 18)**

is **GRANTED**.

New Orleans, Louisiana, this 9<u>th</u> day of January 2026.

_____

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**