UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CIVIL ACTION NO. 2:25-CV-001213** |
| | * | |
| | * | **SECTION J** |
| **VERSUS** | * | |
| | * | **JUDGE CARL J. BARBIER** |
| | * | |
| **FIVE PROPERTIES, LLC AND** | * | **DIVISION 4** |
| **APMT, LLC** | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | **KAREN WELLS ROBY** |

* * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF**
**MOTION TO COMPEL ARBITRATION AND STAY**

Defendants Five Properties, LLC and APMT, LLC d/b/a/ Tonti Management (collectively, "Respondents" or "Defendants") submit this memorandum in support of their motion to compel arbitration and stay.

## I. FACTUAL BACKGROUND

On April 13, 2018, Turnipseed executed a lease with Tonti Management and Five Properties and moved into Sunlake Apartments.[1] In connection with her lease, Turnipseed signed an arbitration agreement agreeing to submit to arbitration any and all claims against Tonti Management and Five Properties for liability arising out of, relating to, or in connection with the lease or her occupancy of the premises.[2] The agreement is titled "**ARBITRATION**," which is

---

1. Doc. 4 at 4, ¶¶ 18, 22; Doc. 37 at 2, ¶ 10; Doc. 14-4 at 7-39.
2. Doc. 14-4 at 27.

capitalized and emphasized in bold.[3] It also states, "**Please Read Carefully**," again emphasized in bold.[4] Turnipseed agreed to submit to arbitration any disputes, claims or controversies regarding the scope, validity, or enforceability of the arbitration agreement.[5] The arbitration agreement explicitly advised Turnipseed of the desirability of seeking the advice of counsel prior to signing the lease and the agreement to arbitrate.[6] Turnipseed's signature is affixed to the bottom of the agreement, along with the signature of Tonti Management's leasing agent.[7]

On May 23, 2018, Turnipseed sued Tonti Management alleging that it violated the FHA.[8] The lawsuit was then assigned to Section J of this Court.[9] Thereafter, on July 5, 2018, Tonti Management moved to compel arbitration in the federal lawsuit.[10] On November 14, 2018, this Court granted the motion, compelled arbitration, and stayed the lawsuit pending the completion of arbitration.[11] After Turnipseed failed to submit her claims to arbitration for nearly four years, Tonti Management moved to dismiss the lawsuit for lack of prosecution on August 15, 2022.[12] This Court denied the motion, gave Turnipseed another thirty days to initiate arbitration, and warned that it would grant a motion filed after that deadline.[13] After Turnipseed again failed to submit her claims to arbitration, Tonti Management filed another motion to dismiss,[14] which the Court then granted, dismissing her claims with prejudice.[15]

---

3. *Id.*
4. *Id.*
5. *Id.*
6. *Id.*
7. *Id.*
8. Complaint & Demand for Jury Trial, *Turnipseed v. APMT, LLC*, No. 18-5187 (E.D. La. May 23, 2018), Dkt. No. 1.
9. Initial Case Assignment, *Turnipseed*, No. 18-5187, Dkt. No. 3.
10. Defendant's Motion to Compel Arbitration & Stay, *Turnipseed*, No. 18-5187, Dkt. No. 26.
11. *Turnipseed v. APMT, LLC*, No. 18-5187, 2018 WL 5977889, at *3 (E.D. La. Nov. 14, 2018).
12. Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) for Failure to Prosecute, *Turnipseed*, No. 18-5187, Dkt. No. 35.
13. *Turnipseed v. APMT, LLC*, No. 18-5187, 2022 WL 7540213, at *3 (E.D. La. Oct. 13, 2022).
14. *Ex Parte* Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) for Failure to Prosecute, *Turnipseed*, No. 18-5187, Dkt. No. 42.
15. Order, *Turnipseed*, No. 18-5187, Dkt. No. 44.

In 2018, Turnipseed also filed a HUD complaint.[16] On January 15, 2025, HUD completed its investigation and issued a charge of discrimination and determination of reasonable cause.[17] After receiving the charge of discrimination, Respondents elected to have Turnipseed's claims asserted in the charge decided in a civil action,[18] and the Government filed this suit, asserting claims on behalf of Turnipseed against Tonti Management and Five Properties.[19]

Turnipseed then filed a motion to intervene.[20] Magistrate Judge Karen Wells Roby thereafter issued an order granting the motion to intervene.[21] Defendants have filed an objection to Judge Roby's order.[22] If the Court reverses Judge Roby's decision, it will moot this motion. In the event the Court upholds Judge Roby's order and permits Turnipseed to intervene in this lawsuit, Defendants file this motion to compel arbitration because Turnipseed is still bound to submit her claims to arbitration.

## II.    LAW AND ARGUMENT

### A.    The Court Should Compel Arbitration.

The Supreme Court and the Fifth Circuit both recognize a "strong federal policy favoring arbitration," and courts must resolve "any ambiguity as to the availability of arbitration in favor of arbitration."[23] Indeed, the Federal Arbitration Act "requires courts 'rigorously' to 'enforce arbitration agreements according to their terms.'"[24] The FAA "leaves no place for the exercise of

---

16. Doc. 4 at 11, ¶ 64.
17. *Id.* ¶ 67.
18. *Id.* ¶ 68.
19. *Id.* ¶ 69.
20. Doc. 18.
21. Doc. 36.
22. Doc. 38.
23. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *Paine Webber Inc. v. The Chase Manhattan Priv. Bank*, 260 F.3d 453 (5th Cir. 2001).
24. Epic Sys. Corp. v. Lewis, 584 U.S. 497, 506 (2018) (quoting *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013)).

discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."[25]

The Fifth Circuit instructs district courts to perform a two-step inquiry to determine whether to compel a party to arbitrate under the FAA. A court must determine (1) whether a valid arbitration agreement exists and (2) whether there is any federal statute or policy that renders the claims not subject to arbitration.[26] This Court has already completed this inquiry and determined that a valid arbitration agreement exists and no federal statute or policy prohibits arbitration.[27] Nothing has changed. The Court should therefore compel arbitration again.

**1.    A Valid Arbitration Agreement Exists.**

The first inquiry is further divided into: (1) whether the parties agreed to arbitrate and (2) whether the parties' dispute falls within the scope of the arbitration agreement.[28] State law determines the answers to these questions.[29] In Louisiana, contracts are the law between the parties,[30] and Louisiana law similarly favors arbitration.[31]

Turnipseed signed a lease with Defendants on April 13, 2018.[32] The arbitration agreement was an addendum to that lease, and Turnipseed signed it.[33] Accordingly, as the Court previously determined, the parties agreed to arbitrate.[34] This dispute falls squarely within the scope of the arbitration agreement. Turnipseed agreed to arbitrate "any and all claims between the parties for liability . . . arising out of, relating to, or in connection with the lease [and] the occupancy of the

---

25. *KPMG LLP v. Cocchi*, 565 U.S. 18, 25-26 (2011); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).
26. *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004).
27. *Turnipseed*, 2018 WL 5977889, at *1-3.
28. *Banc One Acceptance Corp.*, 367 F.3d at 429.
29. *Id.*
30. La. Civ. Code art. 1983*; Clovelly Oil Co., LLC v. Midstates Petrol. Co., LLC*, 2012-2055 (La. 3/19/13), 112 So. 3d 187, 192.
31. *Aguillard v. Auction Mgmt. Corp.*, 2004-2804 (La. 6/29/05); 908 So. 2d 1, 7-8.
32. Doc. 4 at 4, ¶¶ 18, 22; Doc. 37 at 2, ¶ 10; Doc. 14-4 at 7-39.
33. Doc. 14-4 at 27.
34. *Turnipseed*, 2018 WL 5977889, at *2.

4

premises . . . as well any disputes, claims or controversies regarding the scope, validity and/or enforceability of th[e] Arbitration Agreement."[35] Turnipseed's claims for alleged violations of the FHA clearly arise out of, relate to, and is in connection with her lease and her occupancy of the apartment. And she previously did not contest that this dispute is within the scope of the arbitration agreement.[36] The Court should therefore again find that a valid arbitration agreement exists.

**2.     No Federal Statute or Policy Prohibits Arbitration**

No statute or policy renders this FHA dispute non-arbitrable. Courts, including this Court, have long upheld arbitration agreements in the fair housing context.[37] The Court should therefore again find that no federal statute or policy prohibits arbitration.

**B.     Turnipseed's Claims Against Defendants Must Be Stayed Pending Arbitration.**

As established above, Turnipseed's claims against Defendants are clearly subject to arbitration. Section 3 of the FAA provides that once a court determines that a dispute is referable to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[38] This provision is "mandatory," and "the district court has no discretion under section 3 to deny the stay."[39] Accordingly, Turnipseed's claims against Defendants must be stayed pending the completion of arbitration.

---

35. Doc. 14-4 at 27.
36. *Turnipseed*, 2018 WL 5977889, at *2.
37. *Id.* at *3; *see also Kothe v. AIMCO*, No. 06-2097, 2007 WL 2725975 (D. Kan. Sept. 17, 2007).
38. 9 U.S.C. § 3.
39. *Complaint of Hornbeck Offshore (1984) Corp. v. Coastal Carriers Corp.*, 981 F.2d 752, 754 (5th Cir. 1993) (citing *Midwest Mech. Contractors, Inc. v. Commonwealth Constr. Co.*, 801 F.2d 748, 751 (5th Cir. 1986)); *Riley v. Nat'l R.R. Passenger Corp.*, No. 25-654, 2025 WL 2419728, at *2 (E.D. La. Aug. 21, 2025) (Barbier, J.).

## C.    The Court Should Stay the Entire Case.

Section 3 of the FAA generally only applies to parties to an agreement containing an arbitration clause.[40]  However, the Supreme Court and Fifth Circuit recognize that it may be advisable to stay litigation among the non-signatory parties pending the outcome of the arbitration, and therefore, district courts retain discretion to stay an entire case pending arbitration.[41]  Section 3 should be applied to non-signatories where: (1) the arbitrated and litigated disputes involve the same operative facts, (2) the claims asserted in the arbitration and litigation are "inherently inseparable," and (3) the litigation has a "critical impact" on the arbitration.[42]  "The question is not ultimately one of weighing potential harm to the interests of the non-signatory, but of determining whether proceeding with litigation will destroy the signatories' right to a meaningful arbitration."[43]  This Court has previously applied this law to support a stay as to non-signatories' claims.[44]

Here, the litigation (the government's) claims and the arbitration (Turnipseed's) claims involve the same operative facts and the same claims.  Indeed, the government has asserted only claims on behalf of Turnipseed based on the exact same facts.  The claims to be asserted in arbitration and the claims asserted in this litigation are "inherently inseparable" because, again, they are the same claims.  And the government's suit against Defendants will have a critical impact on the arbitration.  If Defendants were forced to try this case, this litigation would risk inconsistent results.[45]  Or the arbitration proceedings would be both redundant and meaningless.[46]  Given the binding effect of a federal judgment, the arbitrator would necessarily be strongly influenced to

---

40. *Rainier DSC 1, LLC v. Rainier Cap. Mgmt., L.P.*, 828 F.3d 356, 360 (5th Cir. 2016).
41. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983); *Rainier DSC 1, LLC*, 828 F.3d at 360.
42. *Rainier DSC 1, LLC*, 828 F.3d at 360.
43. *Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 343 (5th Cir. 2004).
44. *See, e.g.*, *Broussard v. First Tower Loan, LLC*, No. 15-1161, 2016 WL 879995, at *6 (E.D. La. Mar. 8, 2016) (Barbier, J.).
45. *Waste Mgmt., Inc.*, 372 F.3d at 345.
46. *Harvey v. Joyce*, 199 F.3d 790, 796 (5th Cir. 2000).

6

follow the Court's determination.[47] The Fifth Circuit has stated that this, in effect, thwarts the federal policy in favor of arbitration.[48] This litigation cannot proceed against Defendants without adversely affecting their right to arbitrate. Accordingly, the scope of the order to stay pending arbitration should include the government's claims asserted against Defendants.

## III. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to compel arbitration and stay, compel Turnipseed to submit her claims to arbitration, and stay the case pending arbitration.

Respectfully submitted,

ADAMS AND REESE LLP

 /s/ Luke G. LaHaye
Elizabeth A. Roussel (#27943)
Luke G. LaHaye (#38809)
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Tel: (504) 585-3234
Fax: (504) 566-0210
E-mail: elizabeth.roussel@arlaw.com
         luke.lahaye@arlaw.com

*Attorney for Defendant Five Properties, LLC and APMT, LLC*

---

47. *Waste Mgmt., Inc.*, 372 F.3d at 345.
48. *Harvey*, 199 F.3d at 796.