UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 25-1213 |
| FIVE PROPERTIES, LLC ET AL. | SECTION: "J"(4) |

## ORDER AND REASONS

Before the Court is an *Objection to Order* (Rec. Doc. 38) filed by Defendants Five Properties, LLC and APMT, LLC d/b/a Tonti Management. Defendants object to the magistrate judge's *Order* (Rec. Doc. 36) that allowed Dory Turnipseed to intervene in this suit. Neither Turnipseed nor the Government have filed a response to Defendants' Objection. Having considered the Objection and Order, the record, and the applicable law, the Court finds that Defendants' objection should be **SUSTAINED**.

## FACTS AND PROCEDURAL HISTORY

This suit arises out of a lease executed between Dory Turnipseed and Defendants. (Rec. Doc. 23-1, at 1–4). In May 2018, Turnipseed, a tenant of an apartment owned by Five Properties, LLC and managed by Tonti Management, filed a lawsuit in this Court against Defendant Tonti Management. (Rec. Doc. 23-4). Turnipseed alleged, among other things, that Tonti Management violated the Fair Housing Act ("FHA") because it refused to accommodate her mental disability and allow her to live in the apartment with her emotional support dog. *Id.* at 2–9. One

1

month later, Turnipseed also filed a United States Department of Housing and Urban Development ("HUD") complaint.  (Rec. Doc. 23-1, at 8).

In July 2018, Tonti Management moved to compel arbitration of the federal suit. *Id.* at 6. This Court granted the motion and stayed the lawsuit pending arbitration. *Id.* After nearly four years and a court order permitting an additional thirty days to initiate arbitration, Turnipseed failed to initiate arbitration. *Id.* Tonti Management subsequently moved to dismiss Turnipseed's lawsuit for lack of prosecution. *Id.* This Court granted the motion in December 2022 and dismissed Turnipseed's suit with prejudice. *Id.* at 7.

In January 2025, roughly six and a half years after Turnipseed filed her HUD complaint, HUD completed its investigation and issued a charge of discrimination and determination of reasonable cause. *Id.* at 19. The Government then filed this suit, on behalf of Turnipseed, alleging that Defendants violated the FHA. *Id.* at 20.

Now Turnipseed is back. She seeks to intervene in this suit and litigate her FHA claims against both Tonti Management and Five Properties. (Rec. Doc. 18). A magistrate judge found that Turnipseed could intervene. (Rec. Doc. 36). However, Defendants object to this finding and argue that *res judicata* precludes Turnipseed's intervention. (Rec. Doc. 38). The Court now considers whether this objection should be sustained.

## **LEGAL STANDARD**

A magistrate judge's ruling on a nondispositive pretrial motion may be appealed to the district judge for review pursuant to Rule 72(a) of the Federal Rules

of Civil Procedure. A magistrate judge is afforded broad discretion in resolving such motions, and the standard of review is deferential. When a timely objection is raised to such a ruling, the district judge must review the magistrate's ruling and "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A legal conclusion is contrary to law "when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ambrose-Frazier v. Herzing Inc.*, No. 15-1324, 2016 WL 890406, at \*2 (E.D. La. Mar. 9, 2016).

## **PARTIES' ARGUMENTS AND DISCUSSION**

*Res judicata* applies when (1) the parties are identical or in privity, (2) a court of competent jurisdiction rendered the judgment in the prior action, (3) a final judgment on the merits concluded the prior action, and (4) both actions involved the same claims or cause of action. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). It is undisputed that elements two and three are met here. Namely, that a court of competent jurisdiction rendered a final judgment on the merits that concluded Turnipseed's original suit. At issue before this Court then is whether elements one and four are met, namely whether Five Properties and Tonti Management are in privity and whether the Government's suit involves the same claims or cause of action as Turnipseed's original suit.

3

The magistrate found that Turnipseed could intervene in this suit because (1) Five Properties was not in privity with Tonti Management (Rec. Doc. 36, at 11); and (2) Turnipseed's original suit and this suit involved the same claim or cause of action. *Id.* at 14.

Defendants disagree. They argue that Five Properties is in privity with Tonti Management based on a vicarious relationship, and that this suit involves the same claim or cause of action. (Rec. Doc. 38). The Court will address each of these issues in turn.

## I.    Privity

A non-party is in privity with another party if the non-party's interests are adequately represented by that party's interest in the original suit. *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1267 (5th Cir. 1990). While the acknowledged that a vicarious relationship could establish privity (Rec. Doc. 36, at 10), she was unconvinced that there was a proven vicarious relationship between the Defendants. *Id.* at 11.

However, the Court finds that Defendants have a vicarious relationship sufficient to establish privity. Five Properties owns Sunlake Apartments. As owner, Five Properties hired Tonti Management to manage Sunlake Apartments. Thus, there is a principal/agent relationship between Five Properties and Tonti Management. Under the FHA, Five Properties as the owner and principle, can be vicariously liable for any discriminatory acts of its agent, Tonti Management. *Meyer v. Holley*, 537 U.S. 280, 285 (2003). Turnipseed admits to this vicarious relationship

in her proposed intervenor complaint. (Rec. Doc. 18-2, at 2). She says "[a]t all relevant times, Tonti acted as an agent of Five Properties. Because the actions set forth below occurred within the scope of this agency relationship, Five Properties is vicariously liable for the conduct of Tonti." *Id.* The Government's complaint states the exact same thing. (Rec. Doc. 1, at 3). Therefore, the Court finds a clear vicarious relationship between Five Properties and Tonti Management.

Further, the Court notes that nearly all of the alleged discriminatory conduct in this case occurred by Tonti Management. The only thing that Five Properties allegedly did, besides hire Tonti Management, is it jointly filed the eviction petition with Tonti Management to evict Turnipseed. *Id.* at 9. The Court does not find that this action alone is sufficient to defeat privity in this case, as Five Properties can only be found liable if Tonti Management is found liable. *See Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1289 (5th Cir. 1989) (holding that claim preclusion is justified when vicarious liability formed "the only asserted basis for the [principal]'s liability" in the dispute). Accordingly, the Court finds Five Properties to be in privity with Tonti Management and that the magistrate's finding to the contrary was clearly erroneous.

## II.    Same Claim or Cause of Action

In deciding whether the Government's suit and Turnipseed's suit are based on the same claim or cause of action, the Court must apply a transactional test. *Test Masters*, 428 F.3d at 571. "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series or connected transactions, out of which the original action

arose." *Id.* In other words, the Court must determine "whether the two actions were based on the 'same nucleus of operative facts.'" *Eubanks v. F.D.I.C.*, 977 F.2d 166, 171 (5th Cir. 1992) (quoting *Howe v. Vaughan*, 913 F.2d 1138, 1144–45 (5th Cir. 1990)).

In her Order, the magistrate found that the suit was not based on the same nucleus of operative facts because the Government's suit "seeks to vindicate public interests beyond what Turnipseed sought in her original suit." (Rec. Doc. 36, at 14).

Defendants argue that the magistrate misapplied the test, and the Court agrees. As the Fifth Circuit explains, when applying this test, "the critical issue is not the relief requested or the theory asserted but whether plaintiff bases the two actions on the same nucleus of operative facts. *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990). The standard aims to "bar all claims that were or could have been advanced in support of the cause of action on occasion of its former adjudication." *Id.*

After reviewing Turnipseed's original complaint, the Government's complaint, and Turnipseed's intervenor complaint, the Court finds that all three complaints stem from the same alleged mistreatment of Turnipseed by Tonti Management. The Government's suit, therefore, arises out of the same nucleus of operative facts as Turnipseed's original suit. Thus, both suits are based on the same claim or cause of action, and the magistrate's finding was contrary to law. All elements of *res judicata* are met. Accordingly, the Court cannot allow Turnipseed's intervention to stand.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Objection* **(Rec. Doc. 38)** is

**SUSTAINED**.

**IT IS FURTHER ORDERED** that the magistrate's January 9, 2021 *Order*

(Rec. Doc. 36) is **REVERSED**.

**IT IS FURTHER ORDERED** that Dory Turnipseed's *Motion to Intervene*

(Rec. Doc. 18) is **DENIED**.

New Orleans, Louisiana, this 16th day of March, 2026.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE